IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM R. VIDIA and | ) Civil No. 8:07-cv-970-T-SCB-MSS |
| GLENN E. KLINE, | ) |
| | ) |
| Defendants. | ) |

### DECREE OF FORECLOSURE AND ORDER OF SALE

Pursuant to 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403, it is hereby ORDERED as follows:

1. The Defendant William R. Vidia is indebted to the United States of America for assessed and unpaid Federal income tax liabilities for the taxable years indebted to the United States of America for the unpaid income tax liabilities for the tax periods 1996, 1997, 1998, 1999 and 2003, in the total amount of $101,211.73, as of April 9, 2007, plus further interest and statutory additions thereon as provided by law. Interest shall accrue daily at the rate provided for by 26 U.S.C. §§ 6601, 6621 and 6622 until paid in full.

2. Pursuant to 26 U.S.C. § 6321, the United States has valid federal tax liens upon all property and rights to property belonging to William R. Vidia, and specifically including the real property located at 6810 Heron Lane, Hudson, Florida (the "Subject Property"), the legal description of which is –

    Lots 30, 21 and E. ½ of Lot 32, Block "E", VISTA DEL MAR, Unit Two, as per map or plat thereof recorded in Plat Book 6, Page 144, Public Records of Pasco County, Florida.

3. The federal tax liens are hereby foreclosed against the Subject Property.

4. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is hereby authorized under 28 U.S.C. §§ 2001 and 2002, to offer the Subject Property for sale at public auction, along with any improvements, buildings and appurtenances pertaining to the Subject Property;

5. The public auction referred to in paragraph 4, above, shall be held either on the premises or at some other location in Pasco County, Florida, in accordance with the provisions of 28 U.S.C. § 2001, the time of the auction to be announced by the IRS. The proposed sale of the Subject Property at public auction shall be advertised once a week for four consecutive weeks preceding the date fixed for sale in a daily newspaper of general circulation in Pasco County, Florida, and by any other notice that the IRS in its discretion may deem appropriate;

6. Any rights, title liens, claims or interests in the Subject Property asserted by the United States and the defendants in this action are discharged upon sale of the Subject Property and confirmation of the sale, as described in paragraphs 4, above, and 14, below;

7. The minimum bid for the property will be set by the IRS. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and

under the terms and conditions of this Decree of Foreclosure and order of Sale, hold a new public sale and, in the sole discretion of the IRS, reduce the minimum bid required at that time;

      8.     The successful bidder(s) shall be required at the time of sale to deposit with the IRS a minimum of twenty percent of the deposit of the successful bid by certified check, made payable to "Clerk, United States District Court for the Middle District of Florida," or by cash deposit. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

      9.     The balance of the purchase price for the Subject Property shall be tendered to PALS by the successful bidder within 30 days following the date of sale in the form of a certified check payable to "Clerk, United States District Court for the Middle District of Florida." In the event that the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale, and the Subject Property shall be re-offered for sale in accordance with the provisions of paragraph 4, above, or sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

      10.    Pending the sale of the Subject Property, the IRS is authorized to have free access to the premises and to take any and all actions necessary to preserve the premises, including, but not limited to, retaining a locksmith or other person to change or install

locks or other security devices on any part of the Subject Property, until the deed to the Subject Property is delivered to the purchaser of the Subject Property;

11.    The sale of the Subject Property is made pursuant to 28 U.S.C. § 2001, and is made without right of redemption;

12.    Until the Subject Property is sold, William R. Vidia shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the Subject Property) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the Subject Property and providing proof of insurance when requested by PALS. William R. Vidia shall neither commit waste against the Subject Property nor cause or permit anyone else to do so. William R. Vidia shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. William R. Vidia shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to affect the value of the Subject Property adversely or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall William R. Vidia cause or permit anyone else to do so.

13.    All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within 30 days of the date this Decree of Foreclosure and Order of Sale is entered on the docket of this case, or of the date on which a copy of it is mailed or transmitted to the defendants, whichever is later, taking with them their

personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property). Further, all persons occupying the Subject Property shall turn over the keys to the Subject Property to PALS and provide proof of current insurance within 30 days of the date this Decree of Foreclosure and Order of Sale is entered on the docket of this case, or of the date on which a copy of it is mailed or transmitted to the defendants, whichever is later. If any person occupying the Subject Property fails or refuses to leave and vacate the Subject Property by the time specified in this Decree of Foreclosure and Order of Sale, the IRS is authorized to coordinate with the United States Marshal and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified in this Decree of Foreclosure and Order of Sale, the personal property remaining on the Subject Property after that date is deemed forfeited and abandoned; and, the IRS is authorized to remove the personal property and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, with the balance being distributed as described in paragraph 16 below.

14. That the sale of the Subject Property shall be subject to confirmation by this Court, and upon confirmation the IRS shall execute and deliver its deed, conveying the Subject Property to the purchaser;

15. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

16. After the sale of the Subject Property is confirmed by this Court, the proceeds shall be distributed in the following order of priority:

    a. To the IRS as reimbursement for expenses incurred in maintaining and selling the Subject Property;

    b. To the Tax Collector of Pasco County, Florida, for any matured and unpaid local real property taxes;

    c. To Glenn E. Kline on account of the mortgage he holds against the Subject Property;

    d. To the United States of America, for William R. Vidia's unpaid federal income tax liabilities described in paragraph 1, above; and

    e. Any excess proceeds shall be paid to William R. Vidia.

17. If the successful bidder defaults in any deposit requirement or in payment of the balance of the purchase price, the deposit made by the successful bidder shall be forfeited and retained as part of the proceeds of sale and the Subject Property shall again be offered for sale in the same manner as set forth above.

18. This Court shall retain jurisdiction over this action for purposes of making any and all further orders and decrees as may be just and equitable including, without limitation, orders of distribution, orders permitting private sale, orders of contempt, and deficiency judgments.

IT IS FURTHER ORDERED that the Clerk of Court shall immediately mail a copy of this Decree of Foreclosure and Order of Sale to all counsel of record and unrepresented parties, and shall also deliver a copy to the United States Marshal.

DONE AND ORDERED in Tampa, Florida, this \_\_\_\_1st\_\_\_\_ day of \_\_\_July\_\_\_\_, 2008.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to:

William R. Vidia
6810 Heron Lane
Hudson, Florida 34667

B. Larry Smith
The Smith Law Firm
322 E. Park Avenue
Chiefland, Florida 32626

Philip Doyle
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198, Ben Franklin Station
Washington, D.C. 20044

Robert E. O'Neill
United States Attorney
Middle District of Florida
Attn:  Civil Division
400 Tampa Street, Suite 3200
Tampa, Florida  33602

3393075.1                                                        -8-